Electronically Filed
5/5/2021 2:55 PM
Steven D. Grierson
CLERK OF THE COURT

G. DALLAS HORTON & ASSOCIATES
G. DALLAS HORTON, ESQ.
Nevada Bar No. 5996
DAVID L. THOMAS, ESQ.
Nevada Bar No. 3172
4435 South Eastern Avenue
Las Vegas, Nevada 89119
702-380-3100
*Attorneys for Plaintiff*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| JOSHUA POPE, an individual, | CASE NO.   A-21-830400-C |
| | DEPT. NO.   31 |
| Plaintiff, | |
| vs. | **PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| PANDA EXPRESS, INC. d/b/a PANDA EXPRESS #01426; a Foreign Corporation; DOE INDIVIDUAL RESTAURANT OWNERS, I through V, inclusive; ROE ENTITY RESTAURANT OWNERS, I through V, inclusive; DOE INDIVIDUAL RESTAURANT MAINTENANCE CONTRACTORS, I through V, inclusive; ROE ENTITY RESTAURANT MAINTENANCE CONTRACTORS, I through V, inclusive; DOE INDIVIDUAL PROPERTY MANAGERS I through V, inclusive; ROE ENTITY PROPERTY MANAGERS I through V, inclusive; DOE INDIVIDUAL DEFENDANTS I through V, inclusive; ROE ENTITY DEFENDANTS I through V, inclusive; | |
| Defendants. | |

COMES NOW, Plaintiff, JOSHUA POPE, (hereinafter "Plaintiff") by and through his attorneys, G. DALLAS HORTON & ASSOCIATES, and for Plaintiff's causes of action against

. . .

. . .

Defendant PANDA EXPRESS, INC. d/b/a PANDA EXPRESS #01426 (hereinafter "Defendant") and each of them, alleges as follows:

1. That at all times relevant herein, Plaintiff was and is a resident of Clark County, Nevada.

2. That at all times relevant herein, upon information and belief, Defendant PANDA EXPRESS, INC. d/b/a PANDA EXPRESS #01426, a Foreign Corporation, conducted business in North Las Vegas, Clark County, Nevada at 1735 W. Craig Road 89032 (hereinafter Defendant's Premises).

3. Pursuant to NRCP 10(a) and Nurenberger Hercules-Werke GMBH v. Virostek, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of resident and non-resident defendants designated herein as DOES I through X; ROE CORPORATIONS I through X, inclusive, DOE INDIVIDUAL RESTAURANT OWNERS , I through V, inclusive; ROE ENTITY RESTAURANT OWNERS, I through V, inclusive; DOE INDIVIDUAL RESTAURANT MAINTENANCE CONTRACTORS, I through V, inclusive; ROE ENTITY RESTAURANT MAINTENANCE CONTRACTORS, I through V, inclusive; DOE INDIVIDUAL PROPERTY MANAGERS I through V, inclusive; ROE ENTITY PROPERTY MANAGERS I through V, inclusive; DOE INDIVIDUAL DEFENDANTS I through V, inclusive; ROE ENTITY DEFENDANTS I through V, inclusive; are unknown to Plaintiffs at the present time; however, it is alleged and believed these defendants were involved in the initiation, approval, support, or execution of the acts upon which this action is premised, including but not limited to: ownership, maintenance, repair, supervision of the premises, or of similar actions directed against Plaintiff about which they are presently unaware. It is alleged that said DOE and ROE Defendants, and each of them, directly and proximately caused injury and damages thereby to Plaintiff. As the specific identities of these parties are revealed through the course of discovery, the DOE appellation will be replaced to identify these parties by their true names and capacities.

4. That upon information and belief, named Defendants, DOES, and ROES, and each of them, at all relevant times, were the owner, partner, servant, officer, agent, employer and/or employee of the other, and each of them, and were at all relevant times acting within the scope and performance of said partnership, agency, master/servant, and employment relationship.

5. That on or about, March 5, 2019 the Plaintiff was doing a pickup for his job at the Defendant's premises and when walking through the kitchen, slipped and fell because of an unreasonably dangerous condition, causing personal injury.

6. Upon information and belief, the Defendant, and each of them, knew or should have known of the unreasonably dangerous condition on their premises' floor; or actually caused the unreasonably dangerous condition to be on its floor.

7. Defendant, and each of them, unreasonably owned, controlled, inspected, repaired, maintained the premises so as to proximately cause the injuries and damages to Plaintiff, and Defendant was negligent.

8. At that date, time and place, Defendant and each of them, violated one or more statutes, codes, ordinances or rules which governed the Defendant's premises and which were enacted to protect persons such as Plaintiff and prevent the types of injuries and damages Plaintiff sustained, and Defendant, and each of them, were negligent per se, and are liable for Plaintiff's damages.

9. That as a direct and proximate result of the acts and omissions of Defendant, and each of them, Plaintiff has sustained great pain of body and mind, including serious and painful physical injuries to Plaintiff, as well as shock and injury to Plaintiff's nervous system entailing mental stress, anxiety, and anguish, all or some of which conditions may be permanent and disabling in nature, all to Plaintiff's general damages in an amount in excess of $15,000.00.

10. That as a direct and proximate result of the acts and omissions of Defendant, and each of them, Plaintiff has incurred expenses for medical care and expenses incidental thereto, and upon information and belief such expenses and damages will continue in the future, all to Plaintiff's damage in a presently unascertainable amount.

11. That as a direct and proximate result of the acts and omissions of Defendant, and each of them, Plaintiff has lost income and earning capacity, and upon information and belief such damages will continue in the future, all to Plaintiff's damage in a presently unascertainable amount.

12. That Plaintiff had to retain the services of an attorney to prosecute this action and is entitled to prejudgment interest, reasonable attorney's fees and costs of suit incurred herein.

13. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint at the time of trial to include all items of damages not yet ascertained, demands judgment against Defendant, and each of them, as follows:

1. General damages in an amount excess of $15,000.00;
2. Damages for costs of medical care and treatment, past and future;
3. Damages for loss of income and earning capacity, past and future;
4. Prejudgment interest, attorney's fees, and costs of suit incurred herein;
5. For trial by a jury; and
6. For such other and further relief as the Court may deem just and proper.

DATED this  day of April, 2021.

G. DALLAS HORTON & ASSOCIATES

G. DALLAS HORTON, ESQ.
Nevada Bar No. 5996
DAVID L. THOMAS, ESQ.
Nevada Bar No. 3172
4435 South Eastern Avenue
Las Vegas, Nevada 89119
*Attorneys for Plaintiff*